**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone:  212-857-8500

**MOTION INFORMATION STATEMENT**

Docket Number(s): **15-4067**                          Caption [use short title]

Motion for: **Leave to file a reply in support of Rule 23(f) petition**

**David Kaplan, et al. v. S.A.C. Capital Advisors, L.P., et al.**

Set forth below precise, complete statement of relief sought:

**Defendants-Petitioners seek permission to file a 10-page reply in support of their petition, pursuant to Fed. R. Civ. P. 23(f), for permission to appeal from the district court's order granting class certification.**

MOVING PARTY: **S.A.C. Capital Advisors, L.P., et al.**    OPPOSING PARTY: **David Kaplan, et al.**

☐ Plaintiff   ☑ Defendant
☑ Appellant/Petitioner   ☐ Appellee/Respondent

MOVING ATTORNEY: **Daniel J. Kramer**    OPPOSING ATTORNEY: **Ethan D. Wohl**

[name of attorney, with firm, address, phone number and e-mail]

**Paul, Weiss, Rifkind, Wharton & Garrison LLP**    **Wohl & Fruchter LLP**

**1285 Avenue of the Americas, New York, NY 10019**    **570 Lexington Avenue, 16th Floor, New York, NY 10022**

**(212) 373-3020; dkramer@paulweiss.com**    **(212) 758-4000 ; ewohl@wohlfruchter.com**

Court-Judge/Agency appealed from: **United States District Court for the Southern District of New York (Marrero, J.)**

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☑ Don't Know
Does opposing counsel intend to file a response:
☑ Yes ☐ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has request for relief been made below?   ☐ Yes ☐ No
Has this relief been previously sought in this Court?   ☐ Yes ☐ No
Requested return date and explanation of emergency:_____

_____

_____

_____

Is oral argument on motion requested?   ☐ Yes ☑ No   (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes ☑ No   If yes, enter date:_____

**Signature of Moving Attorney:**
**/s/Daniel J. Kramer**    Date: **12/31/2015**    Service by: ☑ CM/ECF   ☐ Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

# 15-4067-cv

## In the United States Court of Appeals for the Second Circuit

DAVID KAPLAN, ET AL.,

*Plaintiffs-Respondents,*

v.

S.A.C. CAPITAL ADVISORS, L.P., ET AL.,

*Defendants-Petitioners.*

**MOTION OF DEFENDANTS-PETITIONERS S.A.C. CAPITAL ADVISORS, L.P., ET AL., FOR LEAVE TO FILE A REPLY IN SUPPORT OF THEIR PETITION FOR PERMISSION TO APPEAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(f)**

From an Order Granting Certification of a Class Action
Entered on December 2, 2015,
by the United States District Court for the Southern District of New York
District Court Master File No. 12 Civ. 9350 (VM)
The Honorable Victor Marrero

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019-6099
(212) 728-8102

*Attorneys for Defendants-Petitioners S.A.C. Capital Advisors, L.P., Point72 Capital Advisors, Inc., CR Intrinsic Investors, LLC, CR Intrinsic Investments, LLC, S.A.C. Capital Advisors, LLC, Point72 Associates, LLC, Point72 Strategies, LLC, Point72 Select Investments, LLC, and Steven A. Cohen*

Defendants-Petitioners S.A.C. Capital Advisors, L.P., Point72 Capital Advisors, Inc., CR Intrinsic Investors, LLC, CR Intrinsic Investments, LLC, S.A.C. Capital Advisors, LLC, Point72 Associates, LLC, Point72 Strategies, LLC, Point72 Select Investments, LLC, and Steven A. Cohen (collectively, "SAC Defendants") respectfully move for leave to file a 10-page Reply in Support of Petition of Defendants-Petitioners for Permission to Appeal Pursuant to Fed. R. Civ. P. 23(f). A copy of the proposed reply is attached as Exhibit A to this motion.

The SAC Defendants respectfully submit that their proposed reply will assist this Court in considering their Rule 23(f) petition, which raises several important legal issues regarding insider trading class actions and a district court's obligation in class actions to assess the adequacy of class counsel and class representatives. This Court should have the benefit of comprehensive briefing in evaluating the legal questions raised by the district court's order that present a compelling need for immediate review. A reply is also warranted because Plaintiffs' opposition brief mischaracterizes the law and raises new arguments that were not addressed either in the district court's certification order or in the SAC Defendants' petition.

This Court has ample authority to permit the filing of the SAC Defendants' proposed reply. Although Fed. R. App. P. 5(b) does not expressly contemplate replies in support of petitions for interlocutory review, it does not preclude them. Furthermore, Fed. R. App. P. 47(b) permits this Court to "regulate practice in a

1

particular case in any manner consistent with federal law, these rules, and local rules of the circuit."

Petitioners in this Court routinely file reply briefs in support of Rule 23(f) petitions—and this Court's consistent practice has been to allow such replies. *See, e.g.*, Order, *Dial Corp.* v. *News Corp.*, No. 15-2139 (2d Cir. Nov. 10, 2015) (ECF No. 40); Order, *Samserv, Inc.* v. *Sykes*, No. 13-1320 (2d Cir. May 8, 2013) (ECF No. 64); Order, *The Authors Guild* v. *Google, Inc.*, No. 12-2402 (2d Cir. July 9, 2012) (ECF No. 29); Order, *In re US Foodservice Inc. Pricing Litig.*, No. 11-5193 (2d Cir. Dec. 29, 2011) (ECF No. 23).[1]

### Conclusion

The SAC Defendants' motion for leave to file their proposed reply should be granted.

---

[1] This Court has also accepted replies that Rule 23(f) petitioners have filed without seeking leave to do so. *See, e.g.*, Rule 23(f) Reply Petition of Defendant Nextel Communications Inc. for Permission to Appeal from the Order Granting Class Certification, *Nextel Commc'ns, Inc.* v. *Johnson*, No. 13-3862 (2d Cir. Nov. 4, 2013) (ECF No. 23); Plaintiffs' Reply in Support of Plaintiffs' Petition for Permission for Leave to Appeal Pursuant to Fed. R. Civ. P. 23(f), *N.J. Carpenters Vacation Fund* v. *Royal Bank of Scotland, PLC*, No. 11-371 (2d Cir. Feb. 18, 2011) (ECF No. 26).

Dated:  New York, New York
       December 31, 2015

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP

By:    /s/Daniel J. Kramer
      Daniel J. Kramer
      Charles E. Davidow
      Marc Falcone
      Audra J. Soloway
      Geoffrey Chepiga

1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
dkramer@paulweiss.com
cdavidow@paulweiss.com
mfalcone@paulweiss.com
asoloway@paulweiss.com
gchepiga@paulweiss.com

WILLKIE FARR &
GALLAGHER LLP

By:    /s/ Martin B. Klotz
      Martin B. Klotz
      Michael S. Schachter
      Sameer Advani

787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8102
mklotz@willkie.com
mschachter@willkie.com
sadvani@willkie.com

*Attorneys for Defendants-Petitioners S.A.C. Capital Advisors, L.P., Point72*
*Capital Advisors, Inc., CR Intrinsic Investors, LLC, CR Intrinsic Investments, LLC,*
*S.A.C. Capital Advisors, LLC, Point72 Associates, LLC, Point72 Strategies, LLC,*
*Point72 Select Investments, LLC, and Steven A. Cohen*

# Exhibit A

# 15-4067-cv

### In the United States Court of Appeals
### for the Second Circuit

DAVID KAPLAN, ET AL.,

*Plaintiffs-Respondents,*

v.

S.A.C. CAPITAL ADVISORS, L.P., ET AL.,

*Defendants-Petitioners.*

## REPLY IN SUPPORT OF PETITION OF DEFENDANTS-PETITIONERS S.A.C. CAPITAL ADVISORS, L.P., ET AL., FOR PERMISSION TO APPEAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(f)

On Petition for Permission to Appeal from an Order Granting
Certification of a Class Action Entered on December 2, 2015,
by the United States District Court for the Southern District of New York
District Court Master File No. 12 Civ. 9350 (VM)
The Honorable Victor Marrero

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019-6099
(212) 728-8102

*Attorneys for Defendants-Petitioners S.A.C. Capital Advisors, L.P., Point72 Capital Advisors, Inc., CR Intrinsic Investors, LLC, CR Intrinsic Investments, LLC, S.A.C. Capital Advisors, LLC, Point72 Associates, LLC, Point72 Strategies, LLC, Point72 Select Investments, LLC, and Steven A. Cohen*

# Table of Contents

**Page**

Table of Authorities ............................................................................. ii

Argument ............................................................................................ 1

    I.      Whether *Affiliated Ute* Applies When Defendants Are
            Disabled from Disclosing Is a Legal Question About
            Which There is a Compelling Need for Immediate
            Resolution ...................................................................... 1

    II.     Whether the District Court Was Required to Review
            Class Counsel's Third-Party Litigation Funding
            Agreement Is a Legal Question About Which There Is a
            Compelling Need for Immediate Resolution .................................. 5

    III.    The Proper Measure of Damages in Insider Trading Class
            Actions Is Critical to Class Certification and Has Not
            Been Addressed by This Court in Over Thirty Years.................... 8

Conclusion ..................................................................................... 10

# Table of Authorities

**Page(s)**

**Cases**

*Affiliated Ute Citizens of Utah* v. *United States*,
  406 U.S. 128 (1972) ............................................................1, 2, 4

*In re Agent Orange Prod. Liab. Litig.*,
  611 F. Supp. 1452 (E.D.N.Y. 1985)...................................6

*Charron* v. *Wiener*,
  731 F.3d 241 (2d Cir. 2013) ..............................................8

*Chiarella* v. *United States*,
  445 U.S. 222 (1980) ...................................................1, 2, 3, 4

*Comcast Corp.* v. *Behrend*,
  133 S. Ct. 1426 (2013) .......................................................7, 8

*Dirks* v. *SEC*,
  463 U.S. 646 (1983) ...........................................................3, 4

*Elkind* v. *Liggett & Myers, Inc.*,
  635 F.2d 156 (2d Cir. 1980) ..............................................8, 9

*Gerstle* v. *Gamble-Skogmo, Inc.*,
  478 F.2d 1282 (2d Cir. 1973) ............................................10

*Guse* v. *J.C. Penny Co.*,
  409 F. Supp. 28 (E.D. Wis. 1976) .....................................6

*Halliburton* v. *Erica P. John Fund*,
  134 S. Ct. 2398 (2014) .......................................................7

*In re MicroStrategy, Inc. Sec. Litig.*,
  115 F. Supp. 2d 620 (E.D. Va. 2000)................................10

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  199 F.R.D. 119 (S.D.N.Y. 2001).......................................7, 8

*SEC* v. *MacDonald*,
  699 F.2d 47 (1st Cir. 1983) ...............................................9

**Page(s)**

*SEC* v. *Obus*,
693 F.3d 276 (2d Cir. 2012) ............................................................2

*Shapiro* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
495 F.2d 228 (2d Cir. 1974) ......................................................2, 3, 4

*Short* v. *Belleville Shoe Mfg. Co.*,
908 F.2d 1385 (7th Cir. 1990) ..........................................................9

*Simon DeBartolo Grp., L.P.* v. *Richard E. Jacobs Grp., Inc.*,
186 F.3d 157 (2d Cir. 1999) ...............................................................4

*Steginsky* v. *Xcelera, Inc.*,
741 F.3d 365 (2d Cir. 2014) ................................................................2

*United States* v. *Chestman*,
947 F.2d 551 (2d Cir. 1991) ................................................................3

*United States* v. *Falcone*,
257 F.3d 226 (2d Cir. 2001) ................................................................3

*United States* v. *Newman*,
773 F.3d 438 (2d Cir. 2015) ...........................................................1, 3

*Wal-Mart Stores, Inc.* v. *Dukes*,
564 U.S. 338 (2011) ...........................................................................8

**Statutes and Rules**

28 U.S.C. § 2072 ("Rules Enabling Act")...........................................5

Fed. R. Civ. P. 23 ................................................................................6

**Other Authorities**

Bert I. Huang, *Litigation Finance: What Do Judges Need to Know?*,
45 Colum. J.L. & Soc. Probs. 525 (2012) .........................................7

Plaintiffs' opposition only underscores the need for this Court to address the three unsettled and important class certification issues raised by this Rule 23(f) Petition.

## I. Whether *Affiliated Ute* Applies When Defendants Are Disabled from Disclosing Is a Legal Question About Which There is a Compelling Need for Immediate Resolution

Whether a class of contemporaneous traders can invoke the *Affiliated Ute* presumption of reliance on omissions in cases such as this is a critical question for the development of the law of insider trading class actions. Plaintiffs argue that the issue is "settled" by ignoring the recent cases that lay out controlling principles, in favor of two inapplicable decisions: one from forty years ago, whose logic was expressly overruled by the Supreme Court in *Chiarella*, and another that never even addressed reliance and was not a class action. This Court should clarify the proper reading of these precedents.

In attempting to invoke the *Affiliated Ute* presumption, Plaintiffs collide with two firmly established principles of insider trading law: (1) the operative duty of an alleged insider trader to "disclose or abstain" arises only from a breach of his duty to the company because there is no relevant duty to general market participants, *see Chiarella* v. *United States*, 445 U.S. 222, 230–31 (1980); *United States* v. *Newman*, 773 F.3d 438, 445 (2d Cir. 2015); and (2) when an alleged insider trader has a duty to the company *not* to disclose, the operative duty reduces

to a duty to abstain from trading, *see Steginsky* v. *Xcelera, Inc.*, 741 F.3d 365, 370 (2d Cir. 2014); *SEC* v. *Obus*, 693 F.3d 276, 285 (2d Cir. 2012). These two principles dictate that, on the facts alleged here, defendants were subject to a duty only to abstain. There was no duty to disclose, and thus Plaintiffs cannot prove reliance by invoking *Affiliated Ute*, which is predicated on a breach of such duty.

This Court's forty-year-old decision in *Shapiro* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 495 F.2d 228 (2d Cir. 1974), does not control. In *Shapiro*, this Court rejected the argument that "as tippees[, defendants] were not able to make effective public disclosure of information about a company with which they were not associated." 495 F.2d at 237–38. But it did so based on its pronouncement that the relevant duty to disclose was one owed *to the market as a whole*: "defendants owed a duty . . . to all persons who during the same period purchased Douglas stock in the open market." *Id.* at 237. Thus, it understood a trader to have a duty of disclosure to the market, independent of the trader's duty to the company. That understanding was expressly rejected by the Supreme Court in *Chiarella* six years later. 445 U.S. at 225, 231 (holding that alleged insiders do not owe a duty of disclosure "to the market as a whole," because "a duty to disclose aris[es] from a relationship of trust and confidence between parties to a transaction"); *accord Dirks* v. *SEC*, 463 U.S. 646 (1983). Although Plaintiffs rely extensively on *Shapiro* in their opposition, the district court below did not cite it

2

even once, presumably because that case's framing of the relevant duty is no longer good law.[1]

Indeed, in *Newman*, this Court recently confirmed its disavowal of *Shapiro*'s broad theory of a duty to the open market. *See* 773 F.3d at 445. *Newman* held that, under *Dirks*, a "tippee's liability derives only from the tipper's breach of a fiduciary duty, not from trading on material, non-public information." *Id.* at 447. This Court noted that "the Supreme Court explicitly rejected the notion of 'a general duty between all participants in market transactions to forgo actions based on material, nonpublic information.'" *Id.* at 445 (quoting *Chiarella*, 445 U.S. at 233). This Court then recognized that tippee liability is conditioned on proof of a personal benefit to the corporate insider: a requirement necessary to demonstrate the corporate insider's breach of fiduciary duty to the company. *Id.* at 446. Had a theory of liability based on a global duty to the market been available (as described in *Shapiro*), proof of a violation of a duty to the company would not be required.[2]

---

[1] Neither *United States* v. *Chestman*, 947 F.2d 551, 565 (2d Cir. 1991), nor *United States* v. *Falcone*, 257 F.3d 226, 229 (2d Cir. 2001), addressed whether there was a duty to disclose *or* to abstain.

[2] Plaintiffs' citation to a string of cases that purportedly rely on *Shapiro* is misleading. (*See* Opp. at 7 n.2.) None of those cases actually applies the principle for which Plaintiffs claim *Shapiro* stands. Rather, the cases cite *Shapiro* for unrelated or generic propositions. None of these cases demonstrate that *Shapiro*'s rationale remains controlling today on whether contemporaneous traders can rely on *Affiliated Ute* where tippees have only a duty to abstain from trading. Similarly, neither of the Supreme Court cases cited by Plaintiffs as

Plaintiffs also invoke generic language describing the duty to disclose or abstain from *Simon DeBartolo Group, L.P.* v. *Richard E. Jacobs Group, Inc.*, 186 F.3d 157 (2d Cir. 1999). Yet that case presented only a Rule 11 issue, and the court was not asked to decide how reliance under *Affiliated Ute* could be proven where a tippee is only under a duty to abstain. (*See* Petition at 12 n.2 (distinguishing *Simon DeBartolo*).) The fact that this case contains language in dicta that Plaintiffs and the district court read to override the clear holdings of this Court regarding the applicable duty demonstrates the great need for this Court to grant the petition and clarify the law.

Plaintiffs suggest that the SAC Defendants' arguments would eliminate contemporaneous trader claims because no plaintiff could prove reliance on the trading itself. Their argument is misplaced for several reasons. First, it applies only to cases where there is a duty *not* to disclose. Second, even in such cases a showing of reliance is theoretically possible. Indeed, one of the representative plaintiffs in this action advanced an argument that his limit order on Elan stock was triggered by a change in stock price attributable to Defendants' insider trading. And, of course, even if it were the case that governing principles of substantive law foreclose a particular type of claim from proceeding as a class action, that does not

---

relying upon *Shapiro* actually cite *Shapiro* for the point Plaintiffs suggest; instead, both *Chiarella* and *Dirks* cite *Shapiro*—in footnotes—for other principles of insider trading law.

mean that the principles are wrong. It is the substantive law that prevails under the Rules Enabling Act.

Finally, glaringly absent from Plaintiffs' opposition is any support for the district court's articulation of the relevant duty as "the duty to disclose arises where an insider tipper has breached his fiduciary duty to the shareholders by disclosing the information to the tippee" and that this "breach of trust and confidence between the insider tipper and the company [] gives rise to the tippee's duty to disclose material, nonpublic information in advance of trading." (Op. at 18–19.) This holding is precluded by the last thirty years of Supreme Court jurisprudence on insider trading. The decision below creates dangerous precedent for other courts on a complicated and unresolved issue. This Court should review that decision now.

## II. Whether the District Court Was Required to Review Class Counsel's Third-Party Litigation Funding Agreement Is a Legal Question About Which There Is a Compelling Need for Immediate Resolution

Whether a court can certify a class without even considering the terms of class counsel's third-party litigation funding agreement is another legal question for which there is a compelling need for review and which would develop the law of class actions.

Plaintiffs' principal response is that the SAC Defendants have "offered no case" on point, except a single decision from the Eastern District of Wisconsin.

5

(Opp. at 13 (emphasis omitted).)[3]  But that is exactly the point—other than

through Rule 23(f) review in a case like this, the law will remain undeveloped.

Plaintiffs cite no cases that support their position, and the recent increase in the use

of litigation finance means that questions concerning the adequacy of class counsel

who bargain for outside funding will frequently recur, and become more important.

This Court's guidance is needed.

On the merits, Plaintiffs suggest that the district court need not compel

This is not a mere "case management" issue—it goes to the heart of several

Rule 23 requirements, including whether the class will be adequately represented

and whether class counsel can commit sufficient resources to properly pursue the

action.  Fed. R. Civ. P. 23(a)(4), (g)(1)(A)(4), (g)(1)(B).

On the merits, Plaintiffs suggest that the district court need not compel

disclosure of or review litigation funding agreements because it can "accept

counsel's unqualified representation" that "the [litigation funding] agreement

specifically disclaimed any [] control [by the lender]."  (Opp. at 13–14.)  Their

counsel's approach—"Trust me, it's fine, no need to look behind the curtain"—

---

[3]  Plaintiffs fail to adequately distinguish *Guse* v. *J.C. Penny Co.*, 409 F. Supp. 28 (E.D. Wis. 1976), *rev'd on other grounds*, 562 F.2d 6 (7th Cir. 1977), discussed in the SAC Defendants' opening brief, which did compel discovery into the finances of class counsel.  Plaintiffs also fail to address the case law cited by the SAC Defendants concerning the need for disclosure of certain alternative fee arrangements in order to ensure that the needs of the class are not subordinated to the interests of the funder or class counsel.  *See, e.g.*, *In re Agent Orange Prod. Liab. Litig.*, 611 F. Supp. 1452, 1453–54 (E.D.N.Y. 1985), *rev'd on other grounds*, 618 F.2d 216 (2d Cir. 1987).

would be unique in the world of civil litigation, let alone class certification where the district court is supposed to apply a "rigorous analysis" to make sure that *all* the requirements of Rule 23 have been met. *Comcast Corp.* v. *Behrend*, 133 S. Ct. 1426, 1432 (2013) ("[C]ertification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." (internal quotation marks omitted)); *see, e.g.*, *Halliburton Co.* v. *Erica P. John Fund, Inc.*, 134 S. Ct. 2398, 2412 (2014).[4]

Nor is it an answer to the concealment of the financing arrangement from the proposed class representatives that a lead plaintiff, David Kaplan, "reviewed the financing agreement prior to execution." (Opp. at 14.) Kaplan is not one of the class representatives, and is no longer in control of the case. *See In re Oxford Health Plans, Inc. Sec. Litig.*, 199 F.R.D. 119, 125 (S.D.N.Y. 2001) ("[T]he class representative is going to control the case. He is the Rule 23 fiduciary, not the lead plaintiffs." (internal quotation marks omitted)).[5]

---

[4] Plaintiffs also suggest that revealing the details of the financing arrangement would be improper since the SAC Defendants only sought access to the litigation funding agreement to obtain "helpful insight into their adversary's resources." (Opp. at 15.) But the same article they cite for that proposition also notes that "defense counsel may well have an informational advantage over the judge" in any inquiry revolving around a litigation funding arrangement entered into by plaintiffs' counsel. Bert I. Huang, *Litigation Finance: What Do Judges Need to Know?*, 45 Colum. J.L. & Soc. Probs. 525, 533 n.34 (2012).

[5] Plaintiffs explain that David Kaplan was the lead plaintiff at the time the litigation funding arrangement was executed; however, this does not excuse

District courts have the ultimate responsibility to safeguard the interests of the class. *Charron* v. *Wiener*, 731 F.3d 241, 248 (2d Cir. 2013). That responsibility requires them to assess whether counsel has ceded control of the action to a mysterious third-party funder who has no fiduciary duties to the class. This Court's guidance is needed on this critical question of law.

**III. The Proper Measure of Damages in Insider Trading Class Actions Is Critical to Class Certification and Has Not Been Addressed by This Court in Over Thirty Years**

Whether damages can be established on a classwide basis is a critical issue for class certification. The appropriate interpretation of this Court's decision in *Elkind* v. *Liggett & Myers, Inc.*, 635 F.2d 156 (2d Cir. 1980), is anything but "settled." This Court's immediate review is warranted.

While Plaintiffs downplay the issue as relating to the merits, the law is clear that courts must consider merits issues—including damages—to the extent they overlap with class certification issues. *See, e.g.*, *Comcast Corp.*, 133 S. Ct. 1426; *Wal-Mart Stores, Inc.* v. *Dukes*, 564 U.S. 338 (2011).

Here, *Elkind* provides that contemporaneous traders' damages are based on the decline in market value of the shares until the earlier of (1) "the time [plaintiffs] learned the tipped information" or (2) "at a reasonable time after it

---

either Plaintiffs' failure to reveal this information to the actual class representatives when they were designated, or indeed the district court's obligation to assess the adequacy of class counsel.

became public." *Id.* at 172. Plaintiffs do not dispute that the first alternative is individualized. This alone defeats class certification. They argue that their proposed method is objective under *Elkind*'s second prong, but their own expert *admits* that the market price of Elan shares had fully absorbed the alleged MNPI prior to the Tysabri drop. (ECF No. 234, Ex. 7, at ¶ 3.) They seek to avoid that fatal admission by arguing that the duration of elevated trading volume is relevant and a possibly objective measure, because such volume suggests that some traders need more time to digest the information and decide whether to sell. (*Id.*; ECF No. 233 at 9–10 ("[T]rading volumes often remain elevated for three to five days, as investors continue to react to the new information.").) But in the face of undisputed evidence that the market price had already reacted, Plaintiffs' method is inherently subjective and depends upon how long it took individual investors to react. (Petition at 19–20.) Indeed, Plaintiffs' own brief shows that Plaintiffs' purported theory is not at all what the *Elkind* court had in mind: Plaintiffs quote *Elkind* as saying "market price." (Opp. at 20.)[6] Here, it is undisputed that price

---

[6] None of the cases cited by Plaintiffs in support of the "reasonable time" standard adopted Plaintiffs' methodology of trading volume separate from a consideration of the market price. *See Short* v. *Belleville Shoe Mfg. Co.*, 908 F.2d 1385 (7th Cir. 1990); *SEC* v. *MacDonald*, 699 F.2d 47 (1st Cir. 1983) (en banc); *Gerstle* v. *Gamble-Skogmo, Inc.*, 478 F.2d 1281 (2d Cir. 1973); *In re MicroStrategy, Inc. Sec. Litig.*, 115 F. Supp. 2d 620 (E.D. Va. 2000).

9

had reacted.[7]

Moreover, contrary to Plaintiffs' contention, this issue is particularly suited to Rule 23(f) review. First, a decision by the Second Circuit on this issue would effectively resolve the claims of an entire class, not merely "eliminate one component of damages." (Opp. at 17.) It is the only element of damages apart from prejudgment interest. Thus, this Court's review of Plaintiffs' unprecedented, inherently subjective methodology for calculating damages would moot all of the claims for the Elan Buyer Class. Second, Plaintiffs try to hide behind the argument that a reasonable time is "fact intensive," but that is not at all true here where Plaintiffs have conceded that the market price had *already* absorbed the alleged MNPI within a day. That concession means the question is a purely legal one.

This Court has not offered any guidance on how to interpret *Elkind* since *Elkind* itself. This Court should grant the SAC Defendants' petition and provide needed guidance.

### Conclusion

The SAC Defendants' petition for review should be granted.

---

[7] Plaintiffs also suggest that ordinary loss causation principles do not apply here when calculating damages. (Opp. at 20.) Plaintiffs are incorrect, as they acknowledged in their prior briefing, (ECF No. 233 at 5–6), in response to the SAC Defendants' opposition to class certification, (ECF No. 217 at 10–12), since Plaintiffs here must first establish their alleged damages; the SAC Defendants' gain, as measured by disgorgement, simply imposes a cap on Plaintiffs' potential recovery.

Dated:  New York, New York
December 31, 2015


PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP

By: ____/s/Daniel J. Kramer_____
Daniel J. Kramer
Charles E. Davidow
Marc Falcone
Audra J. Soloway
Geoffrey Chepiga

1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
dkramer@paulweiss.com
cdavidow@paulweiss.com
mfalcone@paulweiss.com
asoloway@paulweiss.com
gchepiga@paulweiss.com

WILLKIE FARR & GALLAGHER
LLP

By: ___/s/ Martin B. Klotz_____
Martin B. Klotz
Michael S. Schachter
Sameer Advani

787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8102
mklotz@willkie.com
mschachter@willkie.com
sadvani@willkie.com

*Attorneys for Defendants-Petitioners S.A.C. Capital Advisors, L.P., Point72*
*Capital Advisors, Inc., CR Intrinsic Investors, LLC, CR Intrinsic Investments, LLC,*
*S.A.C. Capital Advisors, LLC, Point72 Associates, LLC, Point72 Strategies, LLC,*
*Point72 Select Investments, LLC, and Steven A. Cohen*